UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANNE REYNOLDS,

        Plaintiff,

v.

MICHAEL ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

CASE NO. 08-13055

HON. MARIANNE O. BATTANI

**ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEYS'
FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the Court is Plaintiff Maryanne Reynolds's Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 31). The Court has reviewed the pleadings, and finds oral argument will not aid in the resolution of this dispute. See E.D. Mich. LR 7.1(e)(2). For the reasons that follow, Plaintiff's application is **DENIED**.

**I.    BACKGROUND**

Plaintiff applied for disability insurance benefits and supplemental security income in May of 2005. (Doc. No. 33, at 4). Plaintiff's initial application was denied by Defendant Commissioner of Social Security. (Id.). On January 26, 2007, an administrative law judge ("ALJ") performed the five-step inquiry required by the social security regulations and held that Plaintiff was not disabled, and denied her benefits. (Id.). The ALJ's decision became Defendant's final decision after the Appeals Council denied Plaintiff's request for review. (Id.). Plaintiff filed a civil action in this Court on

July 15, 2008. (Id.). The Court affirmed Defendant's decision. (Doc. No. 21). Plaintiff appealed and the United States Court of Appeals for the Sixth Circuit reversed and remanded "for the ALJ to revisit the case and explain his findings at Step Three" of the process. See Reynolds v. Comm'r of Social Sec., No. 09-2060, 2011 WL 1228165, at *1 (6th Cir. 2011).

Subsequent to the Sixth Circuit's decision, Plaintiff filed this application for EAJA fees in the amount of $7,603.32. (Doc. No. 33, at 4.). Plaintiff contends that the Sixth Circuit's reasoning as to why the case was remanded justifies awarding her attorney fees. Defendant argues that Plaintiff is not entitled to EAJA fees because its position in defending the action was substantially justified. (Doc. No. 33, at 5).

## II. STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) reads in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances makes an award unjust.

## III. ANALYSIS

In order to succeed on a claim for the recovery of attorney fees under EAJA, four requirements must be met: (1) the claimant must be a "prevailing party"; (2) the Government's position was not "substantially justified"; (3) there must be no special circumstances that make an award unjust; and (4) an application must be submitted to

the court within 30 days of a final judgment in the action. 28 U.S.C. § 2412(d)(1)(B); Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

At issue in this case is whether Defendant Commissioner's position was substantially justified. The EAJA statute addresses the "substantially justified" affirmative defense:

> [w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

§ 2412(d)(1)(B). A defendant's position is substantially justified if it has a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). In other words, substantially justified means "justified to a degree that could satisfy a reasonable person." Id.; see also United States v. 2323 Charms Road, 946 F.2d 437, 440 (6th Cir. 1991) (finding that a position is justified even if it is not correct, if a reasonable person could think it to be correct). In addition, it is a defendant's burden to establish that its position was substantially justified. Peck v. Comm'r of Social Sec., 165 F. App'x. 443, 446 (6th Cir. 2006) (citing Scarborough v. Principi, 541 U.S. 401, 414 (2004)).

The fact that a defendant's position might be unsupported by substantial evidence does not infer that the position was not substantially justified. Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004). "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government['s] position was not substantially justified simply because it lost the case . . . .'" Id. (citing Scarborough, 541 U.S. at 415).

In her application, Plaintiff seeks $7,603.32 in attorneys' fees.  Defendant objects on the ground that it was substantially justified in defending this case.  Defendant contends its position was substantially justified because the appellate court found all of Plaintiff's points of error meritless.  (Doc. No. 33, at 6).  Defendant also highlights the fact that the Sixth Circuit reversed and remanded the case for a reason that Plaintiff never advanced on appeal: insufficient articulation by the ALJ at Step Three of the disability review process.  (Id. at 6-7).  Therefore, Defendant argues the record clearly establishes that its litigation position was substantially justified.  The Court agrees.

Notably, the Sixth Circuit held that each of Plaintiff's points of error were insufficient to overturn the ALJ's decision and the court raised the issue regarding the ALJ's inadequate reasoning at Step Three on its own.  Thus, Defendant's position has been consistently upheld throughout these proceedings.  See Pierce, 487 U.S. at 569 ("[t]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified . . . . Nevertheless, a string of losses can be indicative; and even more so a string of successes.").  Additionally, Defendant properly asserts that the ALJ's decision was legally sufficient for Defendant to pursue the case.  Moreover, the Court finds that the ALJ did not erroneously apply the social security regulations, further supporting the conclusion that Defendant's position was substantially justified.

**A. The ALJ's Decision Was Legally Sufficient**

Defendant correctly asserts that the ALJ's statement at Step Three was legally sufficient, justifying the Commissioner's position to defend the case.  In Price v. Heckler, the Sixth Circuit addressed minimum articulation requirements for an ALJ

4

during a sequential disability evaluation. 767 F.2d 281 (6th Cir. 1985). In that case, the plaintiff established the existence of a number of impairments. Id. at 282. At Step Three of the process, the ALJ stated that the impairments "individually, or in combination, do not meet or equal in severity the Secretary's list of impairments." Id. at 284 (Peck, J., dissenting). The appellate court reasoned that the ALJ's findings of fact were legally sufficient, even though the ALJ could have stated his findings with more particularity. Id. (majority opinion).

The ALJ's statement that Plaintiff's impairments did not meet Section 1.00 of the listings was legally sufficient for purposes of Defendant's decision to defend the case. Here, the ALJ concluded: "Claimant does not have an impairment or combination of impairments which, alone or in combination, meet sections 1.00 or 12.00 of the Listings." Reynolds, 2011 WL 1228165, at *3. In Price, the court required slightly less detail for a finding of legal sufficiency. Accordingly, the Commissioner could have reasonably relied on the ALJ's Step Three analysis. Although the ALJ did not comprehensively describe his thought process at Step Three, the Court finds that Defendant was substantially justified in relying on the ALJ's ultimate decision to deny benefits. See Anderson v. Comm'r of Social Sec., 198 F.3d 244, *4 (Table) (6th Cir. 1999) ("The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record.").

The Sixth Circuit's remand to further develop the record does not alter the Court's conclusion that Defendant's position was substantially justified. In Green v.

Comm'r of Social Sec., the Sixth Circuit affirmed the district court's finding that the Commissioner's position was substantially justified after the case was remanded to the ALJ for further development of the record. 52 F.App'x. 758, 759 (6th Cir. 2002). Specifically, the case was remanded for the ALJ to determine whether the plaintiff had the ability to perform light work. Id. The court noted that there was nothing that contradicted the Commissioner's position, and the only purpose of the district court's remand was for further development of the record. Id. In fact, the court reasoned that because the Commissioner had won on several of its points, it further supported that its position was substantially justified. Id.

Similar to Green, the purpose of the remand in this case is to further develop the record. The Sixth Circuit affirmed on every other ground and remanded only for the ALJ to state with more clarity whether the claimant's disabilities equaled a listed impairment. This case is factually indistinguishable from Green where the court remanded to determine whether the claimant had the ability to perform light work. As the Sixth Circuit held in Green, the Court finds that a remand for record development does not necessarily imply that Defendant's position lacked substantially justification. Accord Kinsora v. Comm'r of Social Sec., No. 09-11507, 2011 WL 2173909 (E.D. Mich. 2011) (finding that a remand for failure to articulate does not translate to a lack of substantial justification).

**B. The ALJ Did Not Erroneously Apply The Social Security Regulations**

The Court is reluctant to find that Defendant's position was not substantially justified because the ALJ did not make an error based upon a misapplication of the regulations. Instead, the ALJ simply did not thoroughly explain his reasoning at Step

Three of the process. In <u>Howard v. Barnhart</u>, 376 F.3d 551 (6th Cir. 2004), the court held that the Commissioner's position to defend the case was not substantially justified because the ALJ selectively considered the evidence. <u>Id.</u> at 553. Indeed, in <u>Howard</u>, the ALJ did not weigh the evidence properly and wrongly determined not to accord a doctor appropriate deference. <u>Id.</u> Consequently, the court held that because the ALJ selectively considered the evidence, the Commissioner's decision to defend the ALJ was without substantial justification. <u>Id.</u> at 554 (<u>citing</u> <u>Flores v. Shalala</u>, 49 F.3d 562, 570 (9th Cir. 1995)); <u>see</u> <u>also</u> <u>Halverson v. Astrue</u>, No. 08-784, 2009 WL 2256380 (D. Minn. 2009) (holding that Commissioner's position was not substantially justified where ALJ failed to consider four opinions and ignored regulations dealing with credibility to be given to non-medical sources); <u>Gray v. Astrue</u>, No. 0:08-cv-3910-PMD, 2010 WL 2622391 (D. S.C. 2010) (holding that the Commissioner's position was not substantially justified because the ALJ did not did not consider all of the claimant's impairments together).

      This case is different from situations where courts have found that the Commissioner's position was not substantially justified. Here, the ALJ did not selectively consider the evidence or refuse to find witnesses credible as required by the regulations. The record reflects that the ALJ considered all the evidence regarding the claimant's alleged obesity, credibility, residual functional capacity, and work performance abilities. The Sixth Circuit agreed with the ALJ on every point and only remanded because the ALJ failed to analyze in detail whether the claimant's physical impairments met or equaled a listed impairment. <u>See</u> <u>Reynolds</u>, 2011 WL 1228165 at *1, *3. In sum, the evidence in the record shows that Defendant's position was

substantially justified. Therefore, the Court denies Plaintiff's Application for Attorney Fees.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Application for Attorney Fees (Doc. No. 31) is **DENIED**.

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

DATE: October 18, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties via ordinary U.S. Mail and/or electronically.

                                          s/Bernadette M. Thebolt
                                          Case Manager